IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Alcius Calixte, | Case No. 3:10 CV 2838 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jeffrey Briggs, Sr., et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Alcius Calixte filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, against Seneca County Sheriff Jeffrey Briggs, Sr.; Seneca County Deputies Bill Eckelberry, Mark Lawson, Donna Varney, Craig Branson, and T.C. Jenkins; Seneca County Jail Corrections Officers Charles Dell and Ben Phal; Lieutenant Cunninghm; and L. Thompson. Plaintiff alleges he was assaulted and harassed by jail personnel. He seeks monetary damages and transfer to another facility.

### BACKGROUND

Plaintiff is a Haitian citizen who was transferred to the Seneca County Jail on April 1, 2010 to await deportation after serving his federal sentence. He alleges he was continually mistreated by Defendants.

First, Plaintiff contends he was assaulted by Lawson, Dell, Branson, Varney, and Phal on April 24, 2010. He states he was locked in his cell by another inmate after he refused to help the inmate clean and mop the day room. He claims he became upset and began yelling for assistance. The

officers were summoned and unlocked his cell. Plaintiff states the officers kicked, choked, "wrestled-hit," maced and handcuffed him. The officers claim Plaintiff was angry and audibly upset when they arrived, so they moved him to the booking area to calm down. However, when Branson advised Plaintiff of the plan, Plaintiff became combative and punched Lawson twice in the face. The other officers tried to subdue Plaintiff by pulling him to the ground. They attempted to place Plaintiff in handcuffs, but he freed his arm and continued to struggle with the officers. One of the officers sprayed Plaintiff with mace. Other deputies arrived on the scene and, with their assistance, Plaintiff was secured and removed from the unit. Lawson and Dell were both injured and were taken to Tiffin Mercy Hospital for treatment.

Plaintiff was charged in the Seneca County Court of Common Pleas with felonious assault as a result of this incident. He was convicted of the charge on December 27, 2010 and returned to the Seneca County Jail. He contests the validity of this conviction. He contends Immigration and Customs Enforcement ("ICE") will not hold a detainee for more than ninety days, if the individual cannot be deported. He alleges he cannot be deported to Haiti due to the devastation caused by the January 12, 2010 earthquake; however, he cannot be released due to this conviction.

In addition, Plaintiff alleges Defendants harassed him. He claims Defendants repeatedly searched his cell, and caused him physical injury. Plaintiff claims Varney came to his cell on July 26, 2010 and again on July 27, 2010 to take him to another location within the jail. Plaintiff also alleges that when he returned each time, he discovered his cell had been searched and personal items were missing. On July 28, 2010, Varney, Dell, and other officers again came to Plaintiff's cell and asked him to step out. He claims Dell grabbed his neck and pushed him against the wall causing a small

2

laceration on his forehead. Dell indicated Plaintiff physically resisted their requests to step out of the cell. He states Plaintiff was injured in their attempts to place him in handcuffs.

Finally, Plaintiff alleges jail employees interfered with his mail. He states a second shift mail supervisor agreed to mail a package because Plaintiff was indigent, but the package was returned seven days later by another mail room employee due to insufficient postage. He contends a letter to ICE submitted with postage was incorrectly routed to a courthouse when it should have been sent to the Mansfield post office, and the letter arrived three days past its due date.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

**Federal Tort Claims Act**

As an initial matter, Plaintiff has not stated a claim under the Federal Tort Claims Act. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), waives the government's sovereign immunity for the negligent acts of federal government employees. *See Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004). The statute defines "government employees" as "officers and employees of any federal agency." 28 U.S.C. § 2671. All Defendants in this action are employees of Seneca County. Although Plaintiff claims he was an ICE detainee housed in the jail by agreement with the United States government, independent contractors retained by the federal government are not considered to be "government employees" within the meaning of FTCA. *See United States v.*

3

*Orleans*, 425 U.S. 807, 813–14 (1976). Accordingly, the United States cannot be held liable for the actions of County employees.

Moreover, even if the FTCA could be construed to apply in this case, there is no suggestion Plaintiff properly exhausted his administrative remedies prior to filing this action. Before a party may bring such an action, the claim must first be submitted to the proper federal agency. 28 U.S.C. § 2675(a). The administrative prerequisites of Section 2675 are met if the claimant (1) gives the agency written notice of his claim that is sufficient to enable the agency to investigate and (2) places a value on his claim. *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981). Although Plaintiff attaches a general grievance form to his Complaint, it does not specify a value of his claim and does not otherwise comply with the requirements of Section 2675.

**Cell Searches**

To the extent his Complaint can be liberally construed as arising under 42 U.S.C. § 1983, Plaintiff's claims pertaining to his cell searches are without merit. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV (emphasis added). The Fourth Amendment's protections hinge on the occurrence of a "search." *See Kyllo v. United States*, 533 U.S. 27, 32 (2001) (discussing "when a search is not a search"). A search is defined in terms of a person's "reasonable expectation of privacy." *Widgren v. Maple Grove Twp.,* 429 F.3d 575, 578 (6th Cir. 2005). For the Fourth Amendment protections to apply, the individual must have a subjective expectation of privacy in the object of the challenged search, and society must be willing to recognize that expectation as reasonable. *California v. Ciraolo*, 476 U.S. 207, 211 (1986). In this case, society does not

4

acknowledge a prisoner's expectation of privacy in his prison or jail cell as being reasonable. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). The concept of incarceration and the security needs of jails and prisons cannot be reconciled with extending privacy rights to prisoners in jail or prison cells. *Id.* The examination of the contents of Plaintiff's cell is not a "search" protected by the Fourth Amendment.

Plaintiff's claims of lost property also does not state a claim of constitutional dimension. Section 1983 was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials. Rather, the civil rights statute provides a remedy for the loss of personal property only if the deprivation was accomplished without procedural due process. To state a claim for denial of procedural due process, Plaintiff must plead and prove either that he was deprived of his property as a result of an established state procedure that itself violates due process rights; or that Defendants deprived him of property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff is not challenging an established state procedure, statute or local ordinance. Instead, he is asserting he was deprived of personal items as a result of Defendants' unauthorized acts.

Because Plaintiff's claim is based on the alleged taking of property through random unauthorized acts, he must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *see Vicory*, 721 F.2d at 1064. A remedy is available in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989). Plaintiff has not alleged this remedy is inadequate to address his losses. Accordingly, he has not stated a claim for denial of due process.

**Access to Courts**

Finally, Plaintiff asserts he was denied access to the courts. As an initial matter, Plaintiff does not allege any Defendants were involved in any of the actions giving rise to these claims. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 1995 WL 559381 (6th Cir. 1995). Absent allegations of personal involvement in actions pertaining to his mail, Plaintiff cannot hold Defendants liable for any injury he may have sustained.

Furthermore, even if Plaintiff had alleged any of the Defendants directly participated in the processing of his mail, he fails to state a claim for relief under the First Amendment. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). To establish a violation of that right, the claimant must demonstrate an "actual injury." *Id*. The injury requirement must relate to the rejection of a non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis*, 518 U.S. at 354. "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Id*. at 355. Here, Plaintiff does not allege he was prevented from litigating a non-frivolous claim. He refers to a letter he sent to ICE, which was delayed because it was routed to a court instead of a post office. This is not a denial of access to the courts.

## CONCLUSION

Accordingly, Plaintiff's claims asserted under the Federal Tort Claims Act are dismissed pursuant to 28 U.S.C. § 1915(e). His claims pertaining to cell searches, lost personal property, and access to the courts are also dismissed. Because no claims remain against Briggs, Eckelberry,

Jenkins, Cunningham or Thompson, they are dismissed from this action. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Plaintiff's excessive force claims against Lawson, Dell, Branson, Varney, and Phal shall proceed, as Plaintiff's allegations state a claim for relief. This of course says nothing of the merits of Plaintiff's claims, which must be decided at a later time. Although these Defendants remain in this action, Plaintiff has not provided summonses nor U.S. Marshal forms for any of these individuals. Consequently, the Clerk's Office is unable to forward this matter to the U.S. Marshal for service.

Therefore, Plaintiff is directed to provide two summonses and a U.S. Marshal form for each of these Defendants within thirty (30) days of this Order. Plaintiff is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. The Clerk's Office is directed to mail sufficient summonses and U.S. Marshal forms to Plaintiff with a copy of this Order. If Plaintiff fails to provide the completed forms within the specific time period, the claim against these remaining Defendants will be dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 6, 2011