IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Alcius Calixte, | Case No. 3:10 CV 2838 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jeffrey Briggs, Sr., et al., | |
| Defendants. | |

## INTRODUCTION

Defendants Mark Lawson, Charles Dell, Donna Varney, and Craig Branson have moved for summary judgment on Plaintiff's excessive force claims under 42 U.S.C. § 1983 (Doc. No. 26). Plaintiff has not opposed.

## BACKGROUND

A more detailed background of this case appears in this Court's previous Memorandum Opinion and Order (Doc. No. 6), but a brief recitation of the pertinent facts is helpful here. *Pro se* Plaintiff Alcius Calixte was formerly an inmate in the Seneca County Jail. In April 2010, Plaintiff became upset and began yelling for assistance when another inmate locked Plaintiff in his cell. When deputies attempted to calm Plaintiff down and move him to another area, Plaintiff resisted, struck Deputy Mark Lawson in the face twice, and was quickly subdued, by force, by other deputies. Shortly thereafter, Deputy Lawson filed a criminal complaint against Plaintiff for assault and Plaintiff was indicted (Doc. No. 26-2 at 1–2).

In December 2010, Plaintiff filed the present lawsuit against Defendants, as well as other Seneca County officials who were previously dismissed from this case (Doc. No. 6), for, among other things, what this Court construed as excessive force arising from the incidents in April 2010.[1] Within two weeks of filing this lawsuit, however, Plaintiff entered plea of guilty to the assault charge pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) (Doc. No. 26-2 at 4, 6–9).

## DISCUSSION

**Standard of Review**

Pursuant to Federal Civil Rule 56(a), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, the court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

---

[1] There appears to be some dispute whether Defendant Ben Phal was properly served pursuant to Federal Civil Rule 4 and therefore remains a party to this lawsuit (See Doc. No. 16). The Court need not determine the sufficiency of service because Plaintiff's allegations against Phal are identical to those against Defendants Lawson, Dell, Varney, and Branson. Therefore, this Court will treat Phal as if he remains a party to this lawsuit and the present Motion is applicable to him as well as the other Defendants.

### *Heck v. Humphrey* **and Plaintiff's Claims**

Defendants first argue Plaintiff's excessive force claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a case in which the Supreme Court held that Section 1983 plaintiffs are barred from advancing claims that, if successful, "would necessarily imply the invalidity" of a prior conviction or sentence. The Sixth Circuit addressed the scope of *Heck* in *Cummings v. City of Akron*, 418 F.3d 676 (6th Cir. 2005). In *Cummings*, plaintiff filed a civil rights claim against police officers for the use of excessive force under Section 1983. Before his federal claim was filed, plaintiff pled no contest in state court to assault on one officer during the course of the same struggle that formed the basis of his Section 1983 claim. The Sixth Circuit held that *Heck* precluded the excessive force claim because it was "inextricably intertwined" with his assault conviction and because plaintiff could have raised the excessive force claim as a defense in his criminal proceedings, but instead chose not to contest the charge. *Id.* at 683.

This Court sees no meaningful difference between the present matter and the facts of *Cummings*. Plaintiff here pled guilty to assault charges stemming from his altercation with law enforcement officers, which forms the basis of his Section 1983 claims. Those claims are "inextricably intertwined" with his conviction and therefore barred by *Heck*. Plaintiff's *Alford* plea, rather than a no-contest plea or guilty plea which admits all factual allegations charged in the Indictment, does not change the outcome here. *See United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("[T]here is no difference in the requirements of Fed. R. Crim. P. 11(f) for a defendant who pleads guilty and admits to acts constituting the crime and a defendant who pleads guilty but who either 1) affirmatively protests his innocence or 2) refuses to admit to acts constituting the crime; that is, either of the two possible *Alford*-type guilty pleas."); *see also Thomason v. Harris*, 2006 U.S. Dist.

LEXIS 37360 (W.D. Ky. 2006) ("The fact that Plaintiff entered an *Alford* plea, not a no-contest plea, is not important here.").

Because *Heck* is dispositive of Plaintiff's remaining claims, this Court declines to address Defendants' remaining arguments.

## CONCLUSION

Defendants' Motion (Doc. No. 26) is granted and this case is dismissed as to all remaining Defendants.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                October 5, 2011